United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 28, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-30822

———————————————

TEXACO INC.,

                    Plaintiff-Counter Defendant-Appellee,

versus

LAINELIFE ASSOCIATES, a California
Limited Partnership; LAINELIFE, INC.,
Its General Partners; LINDA NOE LAINE;
PIONEER ASSOCIATES, A Massachusetts
Limited Partnership; DECATUR,
INCORPORATED, Its General Partner;
CHRISTEL NOE LAINE,

                    Defendants-Counter Claimants-Appellants.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
(94-CV-539-A)
--------------------

Before JOLLY, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Appellants' claims were dismissed by the district court's

grant of Texaco's motion for summary judgment, thereby disposing of

Appellants' myriad and far-ranging claims.  On appeal, appellants

complain of multiple errors by the district court including,

without limitation, the court's denial of Appellants' motions for

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

transfer of venue and request for jury trial, its contractual interpretation of the prior settlement agreement, and its various findings of fact and conclusions of law.

Our review of the voluminous record on appeal, appellants' largely non-conforming appellate brief,[1] the district court's careful and exhaustive disposition of the issues presented, and the oral arguments of the parties, convince us beyond peradventure that appellants' claims and assignments of error are entirely without merit and approach frivolousness. Largely for the reasons expressed by the district court, as well supported by the appellate brief and oral argument of counsel for Texaco, we are satisfied that all rulings, orders, and judgments appealed from should be

---

[1] Among other deficiencies, that brief fails properly to discuss the standard of review for the various issues presented in this appeal; and fails to structure arguments concerning summary judgment decisions and trial decisions as well as arguments concerning legal conclusions and factual findings, instead mixing them in a manner that can best be described as "hodgepodge" (for example, appellants discuss the fourth issue cited in summary judgment in a 2-page subsection within the section addressing the third issue decided on summary judgment). In addition, 24 pages of the 75 pages of the initial brief and 13 of 19 pages of the reply brief contain single-spaced, 9-point-font footnotes, with some of the longer ones carrying over to the following page and many containing substantive arguments, thereby violating even the expanded page or word limitation that we authorized for this appellate brief, in spirit if not technically. Appellants also failed to furnish record-excerpt copies of significant documents that are extensively referred to in their briefs, e.g., the Global Services Agreement between Texaco and Louisiana, the Hankamer Agreement between Texaco and appellants, the sublease between Texaco and the Laines, and the district court's second summary judgment opinion. Cumulatively, these deficiencies could justify rejection of appellants' brief and even summary dismissal of appellants' appeal.

2

affirmed.  This matter has engendered expenditures of direct costs, attorneys' fees, and judicial resources beyond any justification that we are able to detect in the merits of these claims.  We will not compound these problems by writing further, especially when it appears to us that the district court ably resolved the case.

AFFIRMED.